UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

  v.

ANN MARIE BACHMAN and GENEVA JONES, individually and dba THE BLUE MOON LOUNGE & SPORTS BAR,

    Defendants.

CIV. NO. S-09-1225 FCD/KJN

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on plaintiff J & J Sports Productions, Inc.'s ("plaintiff") motion to appoint a receiver in aid of enforcement of a judgment against defendants Ann Marie Bachman and Geneva Jones, individually and doing business as, The Blue Moon Lounge & Sports Bar (collectively "defendants") pursuant to Federal Rule of Civil Procedure 69(a).  Plaintiff obtained a judgment against defendants which defendants have failed to pay.  (Pl.'s Mot. to Appoint Receiver ["Pl.'s Mot."], filed Feb. 17, 2011 [Docket # 18-1], at 2.)  By this motion, plaintiff requests the court appoint a receiver to take

1

possession of and sell defendants' liquor license bearing number 428624, as the proceeds from the sale would provide for orderly payment of the judgment. (Id.) Defendants did not file a written opposition, or otherwise respond, to plaintiff's motion. For the reasons set forth below,[1] plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff is a closed-circuit distributor of sports and entertainment programming. (Compl., filed May 4, 2009 [Docket # 1], ¶ 6.) Pursuant to a contract, plaintiff acquired exclusive commercial exhibition licensing rights to a televised boxing match entitled "The World Awaits: Oscar De La Hoya v. Floyd Mayweather, Jr., WBC Light Middleweight Championship Fight Program" (the "Program"), which was broadcast via telecast on Saturday, May 5, 2007. (Id. ¶ 10.) Plaintiff entered into sublicensing agreements with various commercial entities, granting limited public exhibition rights to these entities. (Id. ¶ 11.) Transmission of the Program was only available to the commercial entities that had paid plaintiff a commercial sublicense fee to broadcast the program. (Gagliardi Aff., filed Dec. 11, 2009 [Docket # 11], ¶ 3.)

Defendants are alleged to be the owners, operators, or licensees of The Blue Moon Lounge & Sports Bar ("The Blue Moon"). (Compl. ¶¶ 7-8.) Plaintiff's investigator, Jason Garner, observed the Program being unlawfully exhibited by defendants as defendants had not obtained a sublicense from plaintiff.

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

(Gagliardi Aff. ¶ 7.)

Based on that conduct, on May 4, 2009, plaintiff filed suit against defendants in this court alleging violations of 47 U.S.C. §§ 605 and 553, conversion, and violation of California Business and Professions Code §§ 17200 et seq.  (Compl. ¶¶ 9-27.) Declarations filed with the court demonstrate that plaintiff, through a process server, served defendants Bachman and Jones.[2] (See Docket # 5, 6.)  On August 11, 2009, the Clerk of the Court entered a default against defendants based on their failure to respond to the complaint.  (Docket # 8.)  On December 7, 2009, plaintiff filed a motion for default judgment against defendants. (Docket # 10.)  On June 16, 2010, this court granted plaintiff's motion entering judgment against defendants and awarding plaintiff statutory damages in the amount of $10,000.  (Order re: Pl.'s Mot. for Default J. ["Order"], filed June 16, 2010 [Docket # 15].)  Plaintiff brings the instant motion requesting the court appoint a receiver to take possession of and sell defendants' alcoholic beverage license to provide for payment of the judgment.  (Pl.'s Mot at 1-2.)

/////
/////

---

[2] Plaintiff's process server made several attempts to personally serve defendants at their place of business as their residence addresses were not known at the time of service. (See Docket # 5, 6.)  Subsequently, plaintiff process server served defendants by substitute service, leaving copies of the Summons in a Civil Case, Complaint, Certification as to Interested Parties, Civil Cover Sheet, and Order Requiring Joint Status Report with Angela Godearde, the person in charge.  (See Docket # 5, 6.)  In addition, plaintiff's process server mailed copies of the aforementioned documents in a sealed envelope to defendants' place of business, The Blue Moon.  (See Docket # 5, 6.)

3

**ANALYSIS**

Rule 69(a) of the Federal Rules of Civil Procedure governs the execution of final judgments and states that "a money judgment is enforced by a writ of execution . . . [and] [t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Thus, the court must first determine whether a federal statute applies to an appointment of a receiver in aid of enforcing a judgment.

Federal Rule of Civil Procedure 66 ("Rule 66")[3] governs the appointment of receivers. Fed. R. Civ. P. 66. The Ninth Circuit has held that because "[t]he federal rules, including Rule 66, qualify as federal statutes under Rule 69(a)[,] . . . Rule 66 prevails over any state law to the extent it applies." Office Depot, Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010) (internal citations omitted). However, when the federal statute is a general procedural rule, specific state statutes addressing the particular procedure at issue apply. See id. at 701-703. Thus, "'state law has been applied under Rule 69(a) to . . . appointment of receivers,' when such actions are undertaken in

---

[3] Rule 66 provides:
These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.
Id.

4

aid of executing a judgment." Id. at 700.  Because California has a specific statute governing the appointment of a receiver of a liquor license, the court looks to California law to determine whether plaintiff is entitled to have such a receiver appointed. See Cal. Civ. Proc. Code § 708.630(a) ("The judgment debtor's interest in an alcoholic beverage license may be applied to the satisfaction of a money judgment only as provided in this section.").

Under California law, the alcoholic beverage license of a judgment debtor is subject to enforcement of a money judgment. See Cal. Civ. Proc. Code §§ 708.630, 695.010(a), 699.710; Office Depot, 596 F.3d at 701.  "The court may appoint a receiver . . . where the judgment creditor shows that considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment."  Cal. Civ. Proc. Code § 708.620.  However, when the receiver is appointed for the purpose of transferring the judgment debtor's interest in an alcoholic beverage license, California Code of Civil Procedure section 708.630 limits this power if "the judgment debtor shows in the proceeding to appoint a receiver that the amount of delinquent taxes . . . and claims of creditors with priority over the judgment creditor exceed the probable sale price of the license."  Id. § 708.630(b).

In the present case, the court finds that plaintiff has shown that appointment of a receiver of defendants' alcoholic beverage license is a reasonable method to obtain satisfaction of the judgment.  Plaintiff represents that following entry of

judgment, it has sent post-judgment discovery to defendants in an attempt to obtain payment to satisfy the judgment. (Mem. P. & A. in Supp. of Pl.'s Mot. ("MPA"), filed Feb. 17, 2011 [Docket # 18-2], at 5.) Defendants have ignored these discovery requests and have refused payment of the judgment. (Id.) Only upon plaintiff's own search of the License Query System website maintained by the California Department of Alcoholic Beverage Control ("ABC") did plaintiff identify defendants' alcoholic beverage license bearing number 428624. (Cook Decl., filed Feb. 17, 2011 [Docket # 18-3], ¶¶ 4-5, Ex. C.) Plaintiff's counsel also avers that based on his experience, "installing a keeper at [d]efendants' place of business would be [a more] burdensome and expensive" alternative to collection on the liquor license. (MPA at 5.) Finally, defendants have failed to respond to any of plaintiff's motions, including the instant motion. As such, the court finds that, considering the interests of both parties, plaintiff is entitled to have a receiver appointed to take possession and control of defendants' alcoholic beverage license. See, e.g., J & J Sports Prods., Inc. v. Huezo, No. C 09-4906 CW, 2011 WL 1134265 (N.D. Cal. March 25, 2011) (granting plaintiff's motion to appoint a receiver of an alcoholic beverage license under similar circumstances).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of a receiver in aid of enforcement of judgment is GRANTED.

2. The court appoints SHERI L. CARELLO, GARRY L. NESS, or SUSAN K. SMITH as receiver to perform the duties and

        responsibilities set forth in this order and shall be compensated at the expense of defendants, by a percentage to be determined based upon the amount recovered from the sale of the alcoholic beverage license.

3. The receiver shall have the following duties and powers pursuant to Federal Rule of Civil Procedure 66 and California Code of Civil Procedure § 708.630:

    A. To take possession and control of defendants' alcoholic beverage license bearing the number 428624 in accordance with the California Business and Professions Code and applicable regulations of the ABC.

    B. To file with the ABC the surrender of the alcoholic beverage license under California Administrative Code tit. 4, § 65.

    C. To retain the services of a business opportunity broker, if necessary, to place the alcoholic beverage license on the market for purposes of a competitive sale.

    D. To retain the services of an attorney and an accountant, if necessary, to aid and assist in the sale of the alcoholic beverage license.

    E. To proceed with the sale, pay any priority tax liens, if at all, distribute the balance of the funds to plaintiff first, and thereafter to other creditors, if any.

/////

4.   Defendants are restrained from:

    A.   The sale, transfer, or other disposition of the license.

    B.   Any act to interfere with the receiver's efforts to sell the license.

IT IS SO ORDERED.

DATED: April 11, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

8